JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jocelyn A. Gibson | First Transit Inc. improperly named as First Transit Transporation |

| (b) County of Residence of First Listed Plaintiff  Montgomery | County of Residence of First Listed Defendant  Hamilton Co. OH |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Pro Se | Paul C. Troy, Esquire, Kane Pugh Knoell Troy & Kramer |
| | 510 Swede St, Norristown, PA 19401 (610) 275-2000 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product  Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability  ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &  Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander  Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'  Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability  ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine  Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product  Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☒ 350 Motor Vehicle  ☐ 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability  ☐ 380 Other Personal | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal  Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury  ☐ 385 Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -  Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights  **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting  ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment  ☐ 510 Motions to Vacate | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/  Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations  ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment  **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities -  ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other  ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education  ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Motor Vehicle - Personal Injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
Excess of $50,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 9/10/21 | /s/ Paul C. Troy |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1633 Theyer Drive, Blue Bell, PA 19422 _____

Address of Defendant: _____ 600 Vine St, Ste 1400, Cincinnati, OH 45202 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/10/2021 _____ /s/ Paul C. Troy _____ 60875 _____

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.* **Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

*B.* **Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☑ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: _____ _____ Sign here if applicable _____ _____

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOCELYN A. GIBSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FIRST TRANSIT TRANSPORTATION | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    (  )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits                              (  )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                      (  )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.  (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                         (  )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.            (X)


| | | |
|---|---|---|
|  9/10/21  | Paul C. Troy, Esquire | First Transit Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| **610-275-2000** | **610-275-2018** | **ptroy@kanepugh.com** |
| **Telephone** | **FAX Number** | **E-Mail Address** |


**(Civ. 660) 10/02**

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
BY: **PAUL C. TROY, ESQUIRE**
ATTORNEY I.D. NO. 60875                          Attorney for Defendant
510 SWEDE STREET
NORRISTOWN, PA 19401
(610) 275-2000

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOCELYN A. GIBSON | : | No. |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| FIRST TRANSIT TRANSPORTATION | : | |

---

## NOTICE OF REMOVAL OF DEFENDANT

Defendant, First Transit, Inc., improperly named as First Transit Transportation, by and through its attorneys, Kane, Pugh, Knoell, Troy & Kramer, LLP, gives notice of the removal of the above captioned action to this Court of a Civil Action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, and in support thereof avers as follows:

**1.**     A civil action has been brough against Defendant by the Plaintiff in the Court of Common Pleas of Philadelphia County at No. 210700575.  A copy of that Complaint is attached hereto as Exhibit "A."

**2.**     This is an action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because it is a civil action between citizens of different states and exceeds the required amount in controversy, exclusive of interest and costs pursuant to 28 U.S.C. § 1332.

**3.**     The State Court where the action was originally filed is located in Philadelphia County, Pennsylvania, which is embraced within this judicial district.

**4.**     The Plaintiff is, at the time of the filing of this action, a citizen of the Commonwealth of Pennsylvania.

5.      Defendant, First Transit, Inc., improperly named as First Transit Transportation is a Delaware corporation with a corporate headquarters located at 600 Vine Street, Suite 1400, Cincinnati, Ohio.

6.      In her Complaint, Plaintiff alleges she suffered injuries which are serious or permanent in nature and which have in the past and will in the future cause great pain and suffering and serious impairment of bodily function.  Plaintiff also alleges she incurred various and substantial expenses which were reasonable and necessary for her treatment and care and will be required to incur such expenses into the future.  Plaintiff alleges she has suffered a severe loss of earnings and/or impediment of her earnings.  *See* Exhibit A at ¶¶ 8-13.

7.      Plaintiff alleges damages in an unspecified amount, but the demand of which, upon information and belief, exceeds the statutory jurisdictional limit, together with costs of this action and damages for delay.

8.      By reason of the foregoing, a removal of the action to this Court is proper, under 28 U.S.C. §§ 1332(a), 1441(a).

9.      The statutory requirements having been met, the state action is properly removed to United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

BY: ___*/s/Paul C. Troy*_____
        PAUL C. TROY, ESQUIRE
        Attorney for Defendant

# EXHIBIT A

## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## COURT OF COMMON PLEAS OF PHILADELPHIA

*Jocelyn Austin Gibson*

*vs*

*First Transit*

*2107-00575*

CMPLT-Gibson Vs First Transit Transportation



21070057500011

### NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

10-284

Jocelyn Austin Jibarr
vs
Eust Transit Transportation
210700575

Complaint in MVA

1. Plantiff Jocelyn Austin Jibarr is an adult citizen of the Commonwealth of Penna. and at all times resides at 1633 Thayer Duve Blue Bill, Pa 19422

2. Defendent Eust Transit a company of the Commonwealth of Penna.

3. At all times relevant hereto, defendent Eust Transit owned, operates and conticled the vechile involved in the accident of 9 July 2019.

4. On 9 July 2019, Ms. Jibarr took a ride un Eust Transit / Septa CCT coming from her home 1607 Reservour Ave. Willow Grove, Pa 19090 going to 1100 Walnut St. Dr. Ernest Rosato's office.

48. During that trip my driver made an abrupt stop launching Ms. Gibson against the handlebar (16"x5") attached to the wall. This bar was supposed to be used as support when standing.

The incident happened between,

just after Vine St. Because of the design of the van it was impossible for Ms. Gibson to see or say what made the driver stop so quickly. The driver was going rather fast onto that small, people packed street. Ms. Gibson was sitting in the single chair directly behind the wheelchair lift. This lift blocked her view. When the driver slammed on his brakes Ms. Gibson hit against the vechiles safety bar and safety belt. The belt not preventing Ms. Gibson from contact with the safety/handlebar that was placed against the wall of the van. At the same time Ms. Gibson's right side slammed against THE BAR and the front of the lift on her right side.

5. The aforesaid accident was due solely to the Negligence and carelessness of the defendent. This accident was due in No manner whatsoever to any act or failure to act on the Part of Jacelyn Austin Subern

6. Plaintiff incorperates by reference Paragraphs 1 through ___ of plaintiffs complaint as if fully set forth herein at length.

7. The accident and injuries were caused by the carelessness and negligence of defendant First Transit, acting as aforesaid and consisted inter alia of the following.

(a) Failing to have their vechile under proper control so as to avoid a sudden and dangerous stop;

(b) Failing to keep a proper lookout;

(c) Failing to avoid/cause an accident;

(d) Failing to cause an accident;

(e) Failing to make a proper application of the brakes;

(f) Failing to observe that which was clearly before the driver;

(g) Failing to use wisdom in speed of vechile on crowded street;

(h) Failing to use wisdom or due caution in driving said vechile on a city street;

(i) Failing to warn Plantiff Jocelyn A. Jubxer;
and

(j) Failing to remove a dangerous obstruction from the vechile;

(k) Failing to provide safe handlebars for the disabled;

(l) Failing to provide safe handle bars on a vechile used to transport the disabled;

7(m) Failing to remove a dangerous item that caused injury;

(n) Defendant, First Transit, and their Employer, SEPTA CCT failed to report this accident to SEPTA POLICE for investigation;

(o) Defendant, First Transit, and their Employer, SEPTA CCT failed to provide timely medical help for plaintiff, Jocelyn A. Jibson;

(p) Defendant, First Transit, and their Employer, failed to report said accident to the Philadelphia Police;

8. Solely, as a result of the negligence and carelessness of defendant, First Transit, Plaintiff Jocelyn A. Gibson has suffered injuries which are serious or permanent in nature; including but are not limited to post-traumatic disorder, right flank pain, right flank lypomais (3); surgery needed to remove lypomais; post surgical pain, severe pain due to not being treated. All of which have in the past and will in the future cause Plaintiff Jocelyn A. Gibson great pain and suffering and further has caused and will cause in the future body modification and a serious impairment of bodily function.

9. As a further result of the negligence and total carelessness of defendant First Transit, Plaintiff Jocelyn A. Gibson has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur such expenditures for an indefinite time in the future.

10. As a result of the carelessness and negligence of defendant First Transit plaintiff Jocelyn A. Gibson has a medically determinable physical impairment which prevents plaintiff Jocelyn A. Gibson from adequately performing all or substantially all of the material acts and duties which constituted plaintiff Jocelyn A. Gibson's usual and customary activities prior to the accident.

11. As a further result of the negligence and carelessness of defendent Trust Transit, plaintiff Jocelyn A. Gibson has or may hereinafter incur other financial expenses, which do or may exceed amounts which Plantiff Jocelyn A. Gibson may otherwise be Entitled to recover including payment for medical bills.

12. As a direct result of Negligence and carelessness of defendant First Transit Plaintiff Jocelyn A. fiber has or may hereinafter suffer physical pain, mental anguish, humiliation and embarrassment and she may continue to suffer same for an indefinite time in the future

13. As a direct result of the negligence and carelessness of defendent First Transit plaintiff Jocelyn A. Gibson has and may suffer a severe loss of Earnings and or impairment of her Earnings. Which lost of such loss of her earnings, Which lost of such loss of income and/or impairment of her recovery Earning capacity has or may EXCEED the Sum recoverable under the limitations of Pennsylvania Financial Responsubility Act.

Wherefore, plaintiff Jocelyn A. Gibson demands judgement against defendent First Transit in an amount in excess of $50,000 together with all cost, expenses, attorney's fee's and other amounts deemed appropriate by this Honorable Court.

BY

Jocelyn Austin Gibson

Jocelyn Austin Gibson
Pro Se Litigant

Verification

I, Jaclyn Austin Gibson, hereby verify that I am the Plaintiff in this cause of action and verify that the statements made in the fore-going COMPLAINT IN CIVIL ACTION are true and correct to the best of my knowledge, information and behalf. I understand that the statements therein are made subject to the penalties of 18 PA C.S.A. § 4904 relating to unsworn falsification to authorities.

Jaclyn Austin Gibson

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
BY: **PAUL C. TROY, ESQUIRE**
ATTORNEY I.D. NO. 60875
510 SWEDE STREET                                   Attorney for Defendant
NORRISTOWN, PA 19401
(610) 275-2000

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOCELYN A. GIBSON | : | |
| | : | No. |
| vs. | : | |
| | : | CIVIL ACTION |
| FIRST TRANSIT TRANSPORTATION | : | |

---

## DEFENDANT'S CERTIFICATE OF FILING OF
## COPY OF NOTICE OF REMOVAL WITH THE STATE COURT

I, PAUL C. TROY, ESQUIRE, counsel for defendant First Transit Transportation, hereby

certify that on this date a certified copy of Defendant's Notice of Removal will be filed with the

Office of Judicial Records of the Court of Common Pleas of Philadelphia County, Pennsylvania,

wherein is pending the State Court action which is the subject of the removal.


                              **KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

                              By: /s/ Paul C. Troy_____
                                   **PAUL C. TROY, ESQUIRE**

Date:__9/10/2021_____

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
BY: **PAUL C. TROY, ESQUIRE**
ATTORNEY I.D. NO. 60875
510 SWEDE STREET                                    Attorney for Defendant
NORRISTOWN, PA 19401
(610) 275-2000

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOCELYN A. GIBSON | : | |
| | : | No. |
| vs. | : | |
| | : | CIVIL ACTION |
| FIRST TRANSIT TRANSPORTATION | : | |

---

## <u>CERTIFICATE OF SERVICE</u>

I, Paul C. Troy, certify that on this date I served a true and correct copy of the Notice of

Removal in the above-captioned matter on all counsel of record and unrepresented parties via

email and U.S. First Class Mail, postage prepaid, as follows:

Jocelyn A. Gibson
1633 Thayer Drive
Penllyn, PA 19422
austinsprty@gmail.com

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

By: /s/ Paul C. Troy
**PAUL C. TROY, ESQUIRE**

Date:  9/10/2021